**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:

TIMOTHY JOHN MICEK                                                              CASE NO. 09-52014

DEBTOR

## AMENDED MEMORANDUM OPINION

### INTRODUCTION

Debtor, Timothy John Micek, owes a balance of $28,969.06 to Dodd and Dodd Attorneys, PLLC ("Dodd"), his ex-wife's attorneys, for their fees incurred on behalf of the ex-wife in their divorce action. Dodd filed a proof of claim herein claiming the debt as a priority Domestic Support Obligation ("DSO"). The Chapter 7 Trustee objects to the DSO classification and requests the claim be relegated to unsecured non-priority status and allowed as a general unsecured claim. The Trustee generally asserts that:

(a) the claim cannot be a DSO because Dodd is not an eligible payee of a DSO and it is not "recoverable" by the ex-wife as a result of her subsequent bankruptcy;

(b) the attorneys fees are not in the nature of support;

(c) the claim is not entitled to priority status because Dodd has sought to levy on ex-wife's maintenance award in her bankruptcy proceeding.

### BACKGROUND

<u>Timothy Micek's Bankruptcy Proceeding</u>. The within chapter 7 proceeding was filed on June 24, 2009. The Debtor is represented by W. Thomas Bunch. James Lyon is the Trustee. Mr. Micek listed Allen McKee Dodd, Jr., Esq. on his original Schedule F as "Estranged wife's divorce attorney – unliquidated (notice)". This listing was marked "contingent, unliquidated, disputed" with the amount of claim listed at $100.00. Mr. Micek's ex-wife was not listed as a

1

creditor until almost two months later when he filed an "Amendment to Schedule E" [Doc 22] to list "Lisbeth Micek, c/o Allen M. Dodd, Jr., Esq". as a creditor holding an unsecured priority domestic support obligation for "child support and temporary maintenance" and listing the amount owed as $0.00.

Dodd's Claim. POC 3-2 is Dodd's amended priority (DSO) claim in the amount of $39,000.00. The basis for the claim is "attorney's fees." The claim includes an order of the Madison Circuit Court Family Court (the "Divorce Court") in Case No. 08-CI-698 (the "Divorce Action") dated April 6, 2010 that orders the Debtor to pay his ex-wife's attorney fees in the amount of $39,000.00 because he is in a "position of financial superiority." The claim includes a second Divorce Court order dated October 26, 2010, denying the Debtor's request to relieve him of the order requiring him to pay the $39,000.00 in attorney fees. Dodd's Response to the Trustee's claim objection includes invoices [Doc. 127, Ex. D, pp 45-79] setting forth attorney fees and expenses incurred prior to the petition date herein. Doc. 130 is an affidavit by Allen Dodd authenticating the invoices and stating that the total fees and expenses incurred by ex-wife as of May 31, 2009, were $47,533.06, with a total of $18,564.00 of those fees already paid, leaving a balance due of $28,969.06, the amount at issue herein.

Ex-wife, Lisbeth Ann Micek's, Bankruptcy. The Debtor's ex-wife, Lisbeth Ann Micek, filed a Chapter 7 petition in this Court on September 3, 2010 (Case No. 10-52848), over a year after this case was filed by her former husband. She was likewise represented by W. Thomas Bunch. Notwithstanding (a) that Mr. Bunch represents both she and her ex-husband in separate bankruptcy proceedings and (b) the entry of the Divorce Court orders described above, her schedules fail to schedule her claim against her ex-husband for payment of her attorneys' fees as an asset; rather, only her debt to Dodd is listed on her Schedule F as an unsecured non-priority claim in the amount of $64,090.12. Pursuant to the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines", her case was a no asset case and no bar

date for the filing of claims was set [Case No. 10-52848, Doc. 4].  Dodd did not file a proof of claim in her case.  Ex-wife received a discharge on December 14, 2010.

On July 20, 2011, Dodd filed an adversary proceeding, Dodd v. Lisbeth Ann Micek, (Bankr. E.D. Ky. Adv. No. 11-5048) (the "Dodd Adversary"), seeking, *inter alia*, a determination that Ms. Micek's discharge did not bar Dodd from asserting a statutory attorneys' fee lien in maintenance payments due to her from Debtor Mr. Micek.  This matter remains pending before the Judge assigned to Ms. Micek's bankruptcy, Judge Scott.

The Objection.  As noted above, the Trustee objects to the classification of Dodd's claim as a DSO herein, contending that debts owed to third-party attorneys are not DSOs as defined by 11 U.S.C. §101(14A) (i.e. they are not owed to a person listed in the DSO definition); that the attorney fees are not a support obligation because there is nothing in the Divorce Court orders characterizing them as such; and finally, that Dodd's claim should not receive priority herein while they are attempting to levy on the ex-wife's maintenance award via the Dodd Adversary Proceeding.  Dodd responds [Doc. 127] that under applicable Sixth Circuit law (including pre-BAPCPA law), Dodd is an eligible recipient of a DSO and the award of attorney fees is in the nature of support because an award of attorney fees in a divorce action is inherently in the nature of support as it may only be made when financial disparity exists between the parties.[1]  Lastly, claimant argues that denying it priority status will harm ex-wife because of Dodd's claims in the Dodd Adversary.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §157 and §1334.  Venue is proper under 28 U.S.C. §1408 and §1409.  This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (B).

## ANALYSIS

---

[1] All of the attorney fees are prepetition as verified by the affidavit of Allen McKee Dodd [Doc. 130]; thus, the Trustee's Section 507(a)(1) objection on this point is resolved.

3

Whether a payment qualifies as a DSO is a fact specific inquiry, and the claimant has the burden of proof to show that his claim is entitled to priority. In re Clark, 441 B.R. 752, 755 (Bankr. M.D.N.C. 2011)(citations omitted). Here, Dodd has the burden of proving the claim by a preponderance of the evidence. In re Johnson, 384 B.R. 763, 769 (Bankr. E.D. Mich. 2008).

Section 502(b) states, *inter* alia, that if an objection to claim is made, the court shall determine the allowance of a claim "as of the date of the filing of the petition." 11 U.S.C. §502(b).

A Domestic Support Obligation is defined as follows:

> The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>
> (A) owed to or recoverable by –
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions
> of –
>
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt. 11 U.S.C. §101(14A).

The Trustee asserts that because the Divorce Court ordered the attorneys fees to be paid

4

to Dodd, that they are not "owed to or recoverable by a spouse or former spouse"; particularly where the ex-wife has now filed bankruptcy. The support aspects of professional fees in divorce cases has been the subject of much litigation and struggle among the courts. The evolving law is adeptly reviewed by Bankruptcy Judge Hoffman who identified three emerging views of third party payees in the DSO context: (1) a plain meaning approach; (2) a support obligation approach; and (3) limited exception/joint support obligation approach. In re Kassicieh, 425 B.R. 467 (Bankr. S.D. Ohio 2010).

Cases following the plain meaning approach simply look to whom the order directs payment and if it is not one of the payees listed in the statute, hold that the obligation is not a domestic support obligation. Id. at 472-474. This position is urged by the Trustee herein; to-wit: the Divorce Court orders the Debtor to pay Dodd which is not a spouse, former spouse or other identified payee listed in Section 101(14A)(A)(i) or (ii).

Cases following the support obligation approach analyze whether the obligation at issue has the *effect of* providing support to the spouse under a third party beneficiary analysis, thus examining the substance of the obligation over its form. Courts following this approach find support in pre-BAPCPA decisions (interpreting identical or similar language in former Section 523(a)(5)) which held that attorney fee awards (among others) can be nondischargeable even if payable directly to the attorney. *See* Kassisieh, 425 B.R. at 474-477 (collecting cases). This position is urged by Dodd.

The third analytical approach turns on whether the Debtor's spouse, former spouse or parent is jointly liable on the alleged support obligation. Simply stated, courts that have analyzed support obligations under this approach have reasoned that if the spouse has no independent obligation for the debt, there is no reason to deviate from a plain meaning approach. *See e.g.*, Simon, Schindler & Sandbert, LLP v. Gentilini (In re Gentilini), 365 B.R. 251 (Bankr. S.D. Fla. 2007); In re Johnson, 397 B.R. 289, 296 (Bankr. M.D.N.C. 2008) (stating

5

that debt need not be paid directly to identified payees in § 101(14A), but former spouse also must remain liable on the debt).

The Sixth Circuit has not decided this issue under current law; however, Judge Hoffman notes that the Sixth Circuit analyzed the direct-payee issue in <u>Long v. Calhoun (In re Calhoun)</u>, 715 F.2d 1103 (6th Cir. 1983) holding that payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable.  He points out that <u>Calhoun</u> can be read two ways:  one way, <u>Calhoun</u> employed a broad approach to interpreting Section 523(a)(5) by its express holding that payments in the nature of support need not be made directly to the spouse of dependent to be nondischargeable; the second way, <u>Calhoun</u> embraced the more limited approach joint liability approach because all of the bankruptcy court cases cited in <u>Calhoun</u> were cases in which the non-debtor spouse was jointly liable to the payee and could have been harmed financially by the debtor's non-payment.  *See* <u>Kassicieh</u>, 425 B.R. at 479-481.

In his second <u>Kassicieh</u> opinion, Judge Hoffman concluded that the approach which focuses on the nature of the debt; rather than the payee, controls whether the obligation is dischargeable, regardless of the spouses' joint liability. <u>In re Kassicieh</u>, 467 B.R. 445 (Bankr. S.D. Ohio 2012) (holding debtor's obligation for guardian ad litem fees have the effect of providing support and constitute a domestic support obligation). In reaching this decision, he noted that most courts interpreting §101(14A) have not deviated from the rationale expressed in pre-BAPCPA caselaw that, in analyzing the dischargeability of debts payable to a third party, it is the nature of the debt, rather than the identity of the creditor, that controls. <u>Id</u>. at 450.  This Court agrees with that majority. Moreover, the joint liability element is irrelevant here because, as of Mr. Micek's petition date (the date on which the claim must be determined), the parties were jointly liable for the subject attorneys fees.  Thus the Court shall not decide whether joint liability is a necessary element.

6

The issue here is whether the debt is in the nature of support; if so, the debt will be deemed a domestic support obligation entitled to administrative priority under §507(a)(1)(A).  This determination must be made in accordance with federal bankruptcy law, not state law.  *See generally* Reissig v. Gruber, 436 B.R. 39 (Bankr. N.D. Ohio 2010).  The Divorce Court's order stating that the Debtor is "in a position of financial superiority" is not determinative of this issue.

Moreover, although this dispute is technically between Mr. Micek's Trustee and Ms. Micek's divorce attorneys, at its core, the issue requires an adjudication of issues between former spouses, both of whom are represented by the same counsel in separate cases.  The record in the Dodd Adversary in Ms. Micek's case now reflects that an "Agreed Order" has been entered in the Divorce Action providing generally for a modification of child support to be paid by Mr. Micek and that his "maintenance obligation" is "extinguished."  [Adv. No 11-5048, Doc. 20, p. 6-8].  These events raise at least a suspicion of collusion between the former spouses, an occurrence, which as observed by the Sixth Circuit, is not unheard of in bankruptcy court:

> …We do not wish to establish a per se rule in every bankruptcy case involving a domestic relations situation…For example, there might be times when the bankruptcy court suspects collusion between the spouses to stage a divorce to avoid payment of the just claims of creditors… In re White, 851 F.2d 170, 174 (6th Cir. 1988).

At this juncture, the issues raised herein are inextricably intertwined with those in the Dodd Adversary.  Accordingly, the Dodd Adversary will be reassigned to the undersigned judge and a status conference will be scheduled by separate order.

Finally, the Trustee's argument that Dodd is estopped from claiming a priority DSO claim by its attempts to levy on the ex-wife's maintenance award in the Dodd Adversary is not supported with any legal authority.  The Court finds this position to be without merit.

This Amended Memorandum Opinion replaces the Memorandum Opinion [Doc. 131] of May 18, 2012.

COPIES TO:

Stephen Barnes, Esq.
Dean A. Langdon, Esq.
W. Thomas Bunch, Sr., Esq.
U.S. Trustee

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Monday, May 21, 2012**
**(tnw)**